IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH E. FINK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 11-404-GMS |
| ) | |
| PHIL MORGAN, Warden, and ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

---

Kenneth E. Fink. *Pro se* petitioner.

Elizabeth R. McFarlan, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**

_June 6_, 2014
Wilmington, Delaware

Sleet, Chief Judge

Petitioner Kenneth E. Fink ("Fink") was incarcerated at the Howard R. Young Correctional Institution in Wilmington, Delaware when he filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (D.I. 1) For the reasons discussed, the court will deny the petition.

## I. BACKGROUND

In April, 2008, Fink was arrested and subsequently indicted on ten charges of unlawfully dealing in child pornography in violation of Del. Code Ann. tit. 11, § 1109(4). (D.I. 14 at 1) On December 8, 2008, the day before his scheduled trial, Fink pled guilty to a single count of unlawfully dealing in child pornography. *See Fink v. State*, 16 A.3d 937 (Table), 2011 WL 1344607, at *1 (Del. Apr. 7, 2011). In exchange, the State entered a *nolle prosequi* on the remaining nine counts in the indictment. Fink was sentenced to ten years at Level V incarceration, suspended after three years and six months for decreasing levels of supervision. Fink did not appeal his conviction or sentence. *Id.*

In February 2010, Fink filed a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 14 at 1) On July 30, 2010, the Superior Court adopted a Superior Court Commissioner's Report and Recommendation concluding that Fink's Rule 61 motion should be dismissed because all of his claims were procedurally barred. *See State v. Fink*, 2010 WL 2991579, at *4 (Del. Super. Ct. July 30, 2010). The Delaware Supreme Court affirmed that decision on April 7, 2011. *See Fink v. State*, 2011 WL 1344607, at *2.

---

[1] Although Fink was released on monitored supervision during the pendency of this proceeding, he is still "in custody" for the purposes of pursuing relief under 28 U.S.C. § 2254.

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman,* 501 U.S. at 750; *Harris v. Reed,* 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural

rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell,* 547 U.S. 518, 537-38 (2005); *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

### III. DISCUSSION

Fink's timely filed habeas petition asserts three grounds for relief: (1) the indictment was defective and deprived Fink of due process because it did not "indicate that he dealt in child pornography, merely that he possessed it on a computer"; (2) his conviction was obtained in violation of the equal protection clause because there was no evidence that he "dealt in" child pornography; and (3) the trial court lacked jurisdiction to convict him because the "indictment did not properly state that [he] 'dealt in' child pornography, as an essential element of the offense under previous Delaware law." The State contends that the petition should be denied in its entirety because all three claims are procedurally barred from habeas review.

All three claims in the instant petition are premised on Fink's belief that the indictment failed to properly charge him with "dealing in" child pornography. As such, Fink exhausted state remedies for all three claims by presenting a "jurisdictional" claim that the indictment was facially invalid to the Superior Court in his Rule 61 motion, and again to the Delaware Supreme Court on post-conviction appeal. The Superior Court denied the argument as procedurally barred by Rule 61(i)(3) because Fink did not raise this argument when he entered his guilty plea. *See Fink*, 2010 WL 2991579, at *3. The Delaware Supreme Court affirmed that decision, explicitly holding that Fink's claims were subject to the procedural bar of Rule 61(i)(3). *See Fink*, 2011 WL 1344607, at *1. This court has consistently held that Rule 61 is an independent and adequate state procedural rule precluding federal habeas review. *See McCleaf v. Carroll*, 416 F. Supp. 2d 283, 296 (D. Del. 2006); *Mayfield v. Carroll*, 2005 WL 2654283 (D. Del. Oct. 11, 2005). Consequently, Fink's three habeas claims are procedurally defaulted, meaning that the court cannot review their merits absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claims are not reviewed.

Fink does not assert, and the court cannot discern, any cause for Fink's default of the instant three claims.[2] In the absence of cause, the court need not address the issue of prejudice. Additionally, Fink's default of these three claims cannot be excused under the miscarriage of

---

[2] According to the State, Fink attempts to establish cause by asserting that the state prosecutors impeded his ability to appeal from his guilty plea by failing to provide him with pertinent case law. (D.I. 14 at 7) Although Fink may have raised this argument for cause in his Rule 61 proceeding, he does not raise it anywhere in his § 2254 petition. As such, the court does not view Fink as having asserted any cause for his default of the instant three claims. To the extent the court should infer that Fink attempts to establish cause in this proceeding by relying on the same argument for cause that he asserted in his Rule 61 motion, the court concurs with the State's conclusion that a state prosecutor's failure to provide legal research to a defendant does not constitute cause for procedural default purposes.

5

justice exception to the procedural default doctrine, because he has failed to provide new reliable evidence that can establish his actual innocence. Accordingly, the court will deny Fink's petition in its entirety.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Fink's petition fails to warrant federal habeas relief, and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Fink's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate order shall issue.